Chief Justice Robertson,
delivered the opinion of the court.
Srar-JKBi’r.ued Pence for an .assault and battery. Under iho general i.-sne, w:!h leave to give In evidence, any tlriry which might have been pleaded specially, Pence offered Lo pi eve, on the irir.L an agreemeni, in writing, signed by Gteivet un.l himself, on the day after the battery; whereby they adkeo .riedg-ed that they had compromised that, rat well as some •other causes of action, and that Stennet had accepted, in satisfaction of them all, the promissory note of Peace for $611, payable in three and twelve months.
The circuit court refused to permit this written contract to be proved or read to the jury. Peace excepted, •and the jury found a verdict against h’m; to reverse ihe judgment on which he prosecutes this writ of error.
The agreement would have been pleadable as an accord and sa'isiaciion. It cannot be doubted that it would prove an accord. But the counsel for the defendant in error, insists that, as the obligation for the $80, was executory and only a chose in action, the acceptance of it by the defendant, did not have the effect of •a legal satisfaction of his pre-existing cause of action. We are of a different opinion.
The accord was, that anote should be given for$30. The note was accordingly given and accepted. The thing agreed to be given was therefore given, and the thing agreed to be taken, to-wit, the note, was actually received in satisfaction of the damages resulting from the assault anci battery.
An agreement to deliver a horse would not have amounted to a satisfaction, unless the horse had been delivered. Bat if the horse had been delivered, there would have been not only an accord; but also a satisfaction. So an ag.eoment to assign a promissory note, would have been no satisfaction, without the assignment, But an assignment would have been a legal satisfaction of the claim to damages. Therefore, ah *450 though a promise to give a note for ,f 60, would nothave discharged the cause of action, yet, the execution and acceptance of the note, in fulfilment of the agreement, was an entire satisfaction. If the note was given as a satisfaction of the damages, the cause of action for the trespass was merged in the new and substituted cause of action on the note.
•Acceptance ¡3 a sine qua non to the sufficiency of a plea of accord and satisfaction. But the thing accepted is not so material.
Acceptance ot a bond may be pleaded as a satisfaction of a simple contract.
Delivery and acceptance of a chattel in possession maybe pleaded as a satisfaction of any cause of action whatsoever.
A bond may be pleaded as a satisfaction of a claim to damages for a trespass.
It is not necessary nor proper here to express an opinion on the legal effect of the acceptance of one bond in lieu of another. It is sufficient to decide that the acceptance of anything, as a satisfaction, which appears to be reasonable and valuable, may be pleaded as an accord and satisfaction, in a suit for trespass.
Accords are favored by the law; and when just and executed, they may generally be pleaded in satisfaction, because they were accepted in satisfaction.
The acceptance is a sine qua non to the sufficiency of the plea. But the thing accepted is not so material. A bond may he pleaded as a satisfaction of a simple contract; (I Institutes, 212, b.) So a judgment may be pleaded as a satisfaction of a bond, if accepted as such; (II Johnson’s cases, 198.) The delivery and acceptance of a chattel in possession, may be plead as a satisfaction and extinguishment of any cause of action whatsoever. It would seem to result, from analogy and from reason, that a bond might be pleaded as a satisfaction of a claim to damages for a trespass; and we know of no authority or doctrine to the contrary.
If the parties agreed that a bond for $60. should extinguish the claims of the one upon tbe other, the accord is good; and if the bond was accordingly given and accepted, the accord was executed, and therefore, there was a satisfaction as well as an accord.
There is nothing in the record tending to show that the note for the $60 is illegal or otherwise invalid; or that there was any thing improper or illegal in the written contract of compromise. If the agreement he void or voidable for any extraneous cause, it might be avoided by proof of such cause.
Wherefore, as the agreement and note might have been proved under a plea of accord and satisfaction, tbe evidence, which was excluded by the circuit court, was admissible, and therefore, tbe court erred in not •admitting it.
Walker, for plaintiff; Willis, for defendant.
Wherefore, the judgment is reversed, and the cause remanded, for a new trial, to be'conducted conformably to this opinion.